IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **DAVID MULDER** | : | <u>JURY TRIAL DEMANDED</u> |
| 6 Pine Heritage Drive | : | |
| Newtown, PA, | : | |
| Plaintiff | : | |
| | : | |
| v. | : | |
| | : | |
| **TIMOTHY RAUCH** | : | CIVIL ACTION NO. 07-_____ |
| Upper Makefield Twnshp Police | : | |
| 1076 Eagle Road | : | |
| Newtown, PA 18940 | : | |
| | : | |
| **SCOTT DUCKWORTH** | : | |
| Upper Makefield Twnshp Police | : | |
| 1076 Eagle Road | : | |
| Newtown, PA 18940 | : | |
| | : | |
| and | : | |
| | : | |
| **UPPER MAKEFIELD TOWNSHIP** | : | |
| 1076 Eagle Road | : | |
| Newtown, PA 18940, | : | |
| Defendants | : | |

## <u>COMPLAINT</u>

Jurisdiction

1.   This action is brought pursuant to 42 U.S.C. §§1983, 1988, and the First, Fourth and Fourteenth Amendments to the United States Constitution.  Jurisdiction is founded upon 28 U.S.C. §§1331 and 1343 and the aforementioned statutory provisions.  Plaintiff further invokes the supplemental jurisdiction of this Court under 28 U.S.C. §1367(a) to hear and adjudicate state law claims.

Parties

2.   Plaintiff David Mulder is a resident of Pennsylvania, and at all times relevant to this action resided at the address set forth in the caption.

3.   Defendant Timothy Rauch (hereinafter "Rauch") was at all relevant times an Upper Makefield Township Police officer, whose address is set forth in the caption.

4.   Defendant Scott Duckworth (hereinafter "Duckworth") was at all relevant times an Upper Makefield Township Police officer,  whose address is set forth in the caption.

5.   Defendant Upper Makefield Township is a municipality of the Commonwealth of Pennsylvania, located at the address set forth in the caption, which owns, operates, manages, directs and controls the

2

Upper Makefield Township Police Department and is the public employer of Defendants Rauch and Duckworth.

Factual Allegations

6.    On December 16, 2005, defendant Rauch was on the property of plaintiff at 6 Pine Heritage Drive, Newtown, Pennsylvania.

7.    Defendant Rauch attempted to physically intimidate plaintiff.

8.    In the course of approaching plaintiff to effect his physical intimidation, defendant Rauch slipped and fell.

9.    At no time did plaintiff initiate contact with defendant Rauch.

10.   Defendants Rauch and Duckworth falsely claimed that plaintiff pushed, grabbed and struggled with defendant Rauch.

11.   Defendants Rauch and Duckworth arrested plaintiff knowing they were without probable cause to believe he had engaged in criminal conduct.

12.   Defendants Rauch and Duckworth provided false statements, prepared false documents and caused plaintiff to be arrested and falsely charged with aggravated assault, simple assault, recklessly endangering another person and disorderly conduct, all without probable cause or other legal justification.

3

13. Defendants engaged in the aforesaid conduct alone and in conspiracy with one another.

14. Defendants knew that there was no probable cause for the arrest of plaintiff.

15. Defendants Rauch and Duckworth failed to provide to prosecutors, plaintiff's defense counsel or the court, the information in their possession that indicated that plaintiff was innocent of the charges.

16. The continued arrest, detention and prosecution of plaintiff was caused by the actions of Defendants Rauch and Duckworth, alone and in conspiracy, through concealment of evidence and by providing officials materially false, incomplete and misleading information concerning the events of December 16, 2007.

17. Plaintiff did not commit any offenses against the laws of the Commonwealth of Pennsylvania, the United States, the County of Bucks or Upper Makefield Township, or engage in any conduct which justified the actions of defendants.

18. Plaintiff was tried before a jury and acquitted of all charges.

19. Defendants Rauch and Duckworth acted willfully, wantonly, maliciously, intentionally, outrageously, deliberately and by conduct so

4

egregious as to shock the conscience, or with reckless disregard of plaintiff's constitutional and statutory rights.

20.   The acts and omissions of defendants Rauch and Duckworth were committed without cautious regard or due care, and with such wanton and reckless disregard of the consequences as to show defendants' conscious indifference to the danger of harm and injury.

21.   As a direct and proximate result of the actions and inactions of all defendants, plaintiff suffered pain, fear, horror, chagrin, nightmares, anxiety, embarrassment, loss of liberty, confinement, physical injuries, loss of reputation, and the loss of the enjoyment of life, all to his great detriment and loss.

22.   As a direct and proximate result of the actions of all defendants, plaintiff was caused to suffer a loss of income, all to his great detriment and loss.

23.   As a direct and proximate result of the actions of all defendants, plaintiff was caused to obligate himself for bail and to expend funds to defend against the false charges, all to his great detriment and loss.

24.  As a direct and proximate cause of the conduct of defendants, plaintiff suffered or was placed in fear of offensive bodily contact, including handcuffing, unpermitted touching of his person, and time in custody.

25.  As a direct and proximate cause of the conduct of defendants, plaintiff suffered physical harm, emotional and psychological injury, and other injuries and abuses while confined in custody.

26.  Defendants Rauch, Duckworth and Upper Makefield Township are jointly and severally liable for the injuries suffered by plaintiff.

### Count I -- Assault & Battery
### Rauch and Duckworth

27.  The allegations set forth in preceding paragraphs, inclusive, are incorporated herein as though fully set forth.

28.  Defendants Rauch and Duckworth did place plaintiff in fear of imminent, unpermitted, unprivileged, offensive bodily contact and did, in fact, subject him to such bodily contact.

29.  The acts of Defendants Rauch and Duckworth, as set forth above, constituted the torts of assault and battery, and conspiracy to commit assault and battery, all to plaintiff's great detriment and loss.

30. The actions of Rauch and Duckworth were wanton, wilful, malicious, oppressive, outrageous and unjustifiable and, therefore, punitive damages are necessary and appropriate.

### Count II – False Arrest/False Imprisonment
### Rauch and Duckworth

31. The allegations set forth in preceding paragraphs, inclusive, are incorporated herein as though fully set forth.

32. Defendants Rauch and Duckworth did arrest and imprison plaintiff, or caused him to be arrested and imprisoned without probable cause or other legal justification.

33. The acts of Defendants Rauch and Duckworth, alleged in the preceding paragraphs, constitute the torts of false arrest and false imprisonment, and conspiracy to commit false arrest and false imprisonment, all to plaintiff's great detriment and loss.

34. The actions of Defendants Rauch and Duckworth were wanton, wilful, malicious, oppressive, outrageous and unjustifiable and, therefore, punitive damages are necessary and appropriate.

7

## Count III – Malicious Prosecution
## Rauch and Duckworth

35. The allegations set forth in preceding paragraphs, inclusive, are incorporated herein as though fully set forth.

36. Defendants Rauch and Duckworth caused criminal proceedings to be initiated against plaintiff with malice and without probable cause.

37. Defendants Rauch and Duckworth conspired to cause criminal proceedings to be initiated against plaintiff with malice and without probable cause.

38. The acts of Defendants Rauch and Duckworth alleged in the preceding paragraphs, constitute the tort of malicious prosecution, all to plaintiff's great detriment and loss.

39. The actions of Defendants Rauch and Duckworth were wanton, wilful, malicious, oppressive, outrageous and unjustifiable and, therefore, punitive damages are necessary and appropriate.

## Count IV – Outrageous Conduct Causing Severe Emotional Distress
## Rauch and Duckworth

40. The allegations set forth in preceding paragraphs, inclusive, are incorporated herein as though fully set forth.

41. Defendants Rauch and Duckworth, by extreme and outrageous conduct, intentionally or recklessly caused severe emotional distress to plaintiff.

42. The acts of Defendants Rauch and Duckworth alleged in the preceding paragraphs, constitute the tort of Outrageous Conduct Causing Severe Emotional Distress, all to plaintiff's great detriment and loss.

43. The actions of Defendants Rauch and Duckworth were wanton, wilful, malicious, oppressive, outrageous and unjustifiable and, therefore, punitive damages are necessary and appropriate.

## Count V – Federal Civil Rights Violations
## Rauch and Duckworth

44. The allegations set forth in preceding paragraphs, inclusive, are incorporated herein as though fully set forth.

45. At all times relevant hereto the Defendants Rauch and Duckworth were acting under color of state law.

46. As a direct and proximate cause of the actions and omissions of Defendants Rauch and Duckworth, plaintiff was deprived of precious rights, privileges and immunities secured unto him by the laws and Constitution of the United States, all to his great detriment and loss.

47. Defendants Rauch and Duckworth, alone and together, conspired to violate and/or did violate the constitutional rights of plaintiff.

48. The actions of Defendants Rauch and Duckworth deprived plaintiff of equal protection of the laws and his rights, privileges and immunities under the laws and the Constitution of the United States; his right to be free from unreasonable seizure, false arrest, false imprisonment, and malicious prosecution, his right to be free of excessive force, to be secure in his person and property, to access to the courts, and to due process of law, all to plaintiff's great detriment and loss.

49. By these actions, Defendants Rauch and Duckworth deprived plaintiff of the rights secured unto him by the Constitution of the United States, in particular the First, Fourth and Fourteenth Amendments thereof and in violation of 42 U.S.C. § 1983.

50. As a result of the conduct of Defendants Rauch and Duckworth, plaintiff has suffered substantial damages, plus the cost of this suit.

51. The actions of Defendants Rauch and Duckworth were wanton, wilful, malicious, oppressive, outrageous and unjustifiable and, therefore, punitive damages are necessary and appropriate.

10

52. Plaintiff is entitled to attorney's fees and costs of prosecution of this suit pursuant to 42 U.S.C. §1988.

### Count VI – Federal Civil Rights Violations
### Upper Makefield Township

53. The allegations set forth in preceding paragraphs, inclusive, are incorporated herein as though fully set forth.

54. Defendant Upper Makefield Township failed to train, investigate and discipline defendants Rauch and Duckworth, which failure constitutes deliberate indifference to the rights of citizens such as plaintiff.

55. The above-described conduct, acts and omissions of defendants Rauch and Duckworth, were proximately caused, or were by virtue of an affirmative link or nexus, the result of the policies, practices, customs, deliberate indifference, and failure to train, investigate and discipline, of Upper Makefield Township.

56. Upper Makefield Township ratified the conduct of Defendants Rauch and Duckworth in this case by refusing to meaningfully investigate or discipline their misconduct in this case.

57. As a result of the conduct of the Upper Makefield Township, plaintiff has suffered substantial damages, plus the cost of this suit.

11

58. Plaintiff is entitled to attorney's fees and costs of prosecution of this suit pursuant to 42 U.S.C. §1988.

### Jury Demand

59. Plaintiff demands a Jury trial as to each defendant, count and claim.

**WHEREFORE**, plaintiff demands judgment for compensatory and punitive damages against defendants, jointly and severally, along with costs, attorney's fees, interest, and such other and further relief as the Court may deem just and proper.

*POPPER & YATVIN*

ALY7563

_____
By: Alan L. Yatvin
    and with him
Howard D. Popper
230 South Broad St., Suite 503
Philadelphia, PA 19102
(215) 546-5700

December 3, 2007

Attorneys for the Plaintiff

12